COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Senior Judge Duff
Argued at Alexandria, Virginia


DONALD A. BARNES
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2774-95-4    JUDGE JOHANNA L. FITZPATRICK
                                        NOVEMBER 12, 1996
WINIFRED K. BARNES


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Michael P. McWeeny, Judge

        Donald A. Barnes, pro se.

        Kathleen O'Brien (Suzanne Gilbert; Fite &
        O'Brien, Ltd., on brief), for appellee.



    The sole issue raised in this appeal is whether the trial

court abused its discretion when it declined to exercise

jurisdiction and deferred the custody determination of the

parties' minor children to the State of Colorado.  Finding no

error, we affirm the trial court.[1]

    Donald A. Barnes (appellant) and Winifred K. Barnes were

married in Colorado in 1983.  Three children were born of the

marriage.  The family lived in Colorado until the Summer of 1991,

when they relocated to Virginia after appellant became employed

in Washington, D.C.

    On October 8, 1991, Mrs. Barnes returned to Colorado with

_____

        [*]Pursuant to Code § 17-116.101 this opinion is not
designated for publication.

        [1]Although appellant raised this issue several different
ways, the jurisdictional determination issue subsumes appellant's
other arguments.

the children.  On the same date, Mrs. Barnes' counsel filed divorce proceedings in Colorado.  On October 11, 1991, appellant filed a custody petition in the Fairfax County Family Court (family court).[2]  On October 17, 1991, Mrs. Barnes filed an additional custody petition in Colorado.  Appellant then filed a divorce action in Fairfax County Circuit Court on October 25, 1991.

Pursuant to a December 2, 1991 hearing on Mrs. Barnes' plea to jurisdiction, the Fairfax County Family Court found that Mrs. Barnes' October 8, 1991 Colorado divorce petition included a petition for custody, and stayed the Virginia custody proceedings initiated by appellant on October 11, 1991.[3]

---

[2]At the time of some of these procedures, some of the hearings were held in that part of the juvenile and domestic relations district court that had been designated as the Family Court of Fairfax County on an experimental basis.  Hereinafter, we will refer to those proceedings as having been held in the family court.

[3]The family court found that Colorado was the home state of the children, and stated:

> [A]t the time [appellant] filed his custody action on October 11, 1991, a proceeding involving custody of the minor children was then pending in the State of Colorado . . . the proceedings which were initiated by [appellant] on October 11, 1991, be and the same are hereby STAYED pending a determination by the Colorado Court that either (1) declines jurisdiction or (2) exercises jurisdiction and makes an adjudication therein.  In the event the Colorado Court declines jurisdiction concerning custody of the minor children, then the stayed proceedings may be brought forward on the Docket for an appropriate hearing and adjudication.  In the event the

The Colorado trial court assumed jurisdiction of the custody issue, concluding that Colorado was the "home state" of the children under the Uniform Child Custody Jurisdiction Act (UCCJA); however, the court agreed that it lacked jurisdiction to adjudicate the divorce petition. On June 30, 1993, the Fairfax County Circuit Court affirmed the family court's stay issued December 1991, finding that the Colorado court properly assumed jurisdiction of the custody issue, and that Virginia should not assume jurisdiction under Code §§ 20-126 and 20-130.[4] In an earlier appeal to this Court, we affirmed the trial court's stay of the Virginia litigation pending resolution of the custody issue by the Colorado courts. See Barnes v. Barnes, Rec. No. 0951-94-4 (April 4, 1995).

The divorce and equitable distribution issues continued in Virginia, and the trial court entered a final decree of divorce on April 22, 1994. Appellant again sought to have the custody issue determined in connection with the court's adjudication of the divorce. By opinion letter dated May 31, 1994, the trial

(..continued)
> State of Colorado accepts jurisdiction and makes adjudication thereon, either party may
>
> bring a certified copy of said Order to this Court for filing.

[4]Code § 20-126 provides the grounds for a Virginia court to exercise jurisdiction to make a child custody determination. Code § 20-130 provides the grounds for a Virginia court to decline jurisdiction "if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum."

3

court denied the motion finding that the stay imposed by the family court remained in effect.

On May 4, 1995, the Colorado Court of Appeals held that the trial court in Colorado erred when it exercised jurisdiction over the custody of the parties' children issue because Colorado was not the children's "home state" under the UCCJA, and that appellant's October 11, 1991 Virginia petition was filed, and must be considered, first in time. Additionally, the appellate court stated:

> We recognize that this might be an instance in which the trial court could have exercised jurisdiction under . . . the UCCJA, which allows the court to act if one of the contestants has a "significant connection" with this state and if there is substantial evidence in this state with respect to the children's "present or future care, protection, training, and personal relationships," so as to make it in the "best interests" of the children for the court of this state to assume jurisdiction. . . .
>
> [T]he trial court here could not assert its jurisdiction, "unless the proceeding [in Virginia] is stayed by the court of [Virginia] because [Colorado] is a more appropriate forum."
>
> \* \* \* \* \* \* \*
>
> [T]he cause [is] remanded to the trial court with directions to communicate with the Virginia court . . . and to ask the Virginia court to make a determination . . . whether it should defer its jurisdiction to Colorado and stay its proceedings with reference thereto. If the Virginia court enters such a stay, the trial court should proceed to determine whether it may assert jurisdiction over the custody . . . issue[].

(Emphasis added).

4

On June 19, 1995, appellant filed another motion in the trial court, requesting the court to lift the stay and assume jurisdiction over the custody issue based upon the Colorado appellate court's reversal of the Colorado trial court's initial determination to assume custody in Colorado.  The Fairfax County Circuit Court again denied the motion and stated:

> [E]xcept for five to six weeks in 1991, virtually all the children's contacts have been in Colorado . . . It has been suggested that as Virginia is "first in time," it should assume jurisdiction and fix the critical point for inquiry in October 1991 . . . . I cannot accept this argument, as it ignores both the four years since the separation during which the children have attended schools in Colorado and the central point of the present circumstances and best interests of the children.  Accordingly, I find there are significant contacts with the State of Colorado and that Colorado is the more appropriate forum for determination of the issues of custody.  The Circuit Court of Fairfax County, Virginia declines to exercise jurisdiction and defers to the District Court of Arapahoe County, Colorado.

Despite its convoluted procedural history, the issue in this appeal remains whether the trial court abused its discretion in deferring the custody determination of these children to Colorado.  Appellant argues that the Fairfax County Circuit Court should have assumed jurisdiction because he filed "first in time" pursuant to Code § 20-129(A); the Colorado appellate court eventually dismissed Mrs. Barnes' custody petition; and the original conditions for lifting the stay were satisfied. Additionally appellant contends that Code § 20-126(A)(1) requires

5

that the court consider only those facts existing at the time of the initial filing of the custody action and the trial court erred in considering events of the last four years.  We find no merit in these contentions.

In construing the purposes of the UCCJA as adopted by Virginia, we stated as follows:

> [T]he Virginia UCCJA was enacted to avoid jurisdictional competition and conflict with courts of other states in matters of child custody; to promote cooperation with courts of other states so that a custody decree is rendered in a state which can best decide the issue in the interest of the child; to assure that litigation over the custody of a child ordinarily occurs in the state that is most closely connected with the child and his family and where significant evidence concerning his care, protection, training, and personal relationships is most readily available; <u>to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.</u>

<u>Mubarak v. Mubarak</u>, 14 Va. App. 616, 618-19, 420 S.E.2d 225, 226 (1992) (quoting <u>Middleton v. Middleton</u>, 227 Va. 82, 92-93, 314 S.E.2d 362, 367 (1984)).  Furthermore, we held that additional purposes of the UCCJA are as follows:

> [T]o discourage continuing controversies over child custody; to deter abductions and other unilateral removals of children undertaken to obtain custody awards; to facilitate the enforcement of foreign custody orders and to avoid relitigating foreign custody decisions in [Virginia] so far as possible; and to promote the exchange of information and other forms of mutual assistance between [Virginia courts] and those of other states concerned with the same child[ren].

6

Middleton, 227 Va. at 93, 314 S.E.2d at 367.

Code § 20-130 dictates when a Virginia court may determine whether it is an inconvenient forum. The court must "consider if it is in the interest of the child that another state assume jurisdiction," and in so doing, the court may evaluate "the following factors, among others:  (1) If another state is or recently was the child's home state; (2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants; [and] (3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state."  Code § 20-130(C).

"Any meaningful determination whether Virginia is the more appropriate forum for the father to assert his [custody] rights requires a consideration of the present circumstances of the children, their school and activities schedule, and their present health needs, both physical and emotional.  Evidence of these considerations exists in the children's community, not in Virginia."  Murabak, 14 Va. App. at 621, 420 S.E.2d at 228 (emphasis added).

Sufficient evidence supports the trial court's finding that Colorado was the more appropriate forum to make the custody determination.  The evidence established that the children were only present in Virginia for approximately five weeks before returning to Colorado, where they resided prior to this time.  It

7

is undisputed that the children lived in Colorado continuously since 1991, and "substantial evidence concerning [their] present or future care, protection, training and personal relationships" is readily available in Colorado.  See Code § 20-130. Furthermore, the trial court was required to consider all relevant facts or events prior to the date of its jurisdictional determination in order to comply with the statutory mandates and the purpose of the UCCJA.

Upon review of the record, we find no abuse of discretion in the trial court's decision to defer exercising jurisdiction under the UCCJA and deferring the custody determination to the District Court of Arapahoe County, Colorado.  Accordingly, we affirm the decision of the trial court.

Affirmed.